# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:04cv49

| | |
|---|---|
| DONNA K. REEMES; and <br> STEVEN J. REEMES, <br><br> Plaintiffs, <br><br> Vs. <br><br> H&S HOMES, LLC, d/b/a HORTON <br> HOMES OF FLETCHER; and <br> COUNTRYWIDE HOME LOANS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the court on the court's own Motion to Strike Stipulation of Dismissal and to place this matter back on the active trial docket. A stipulation of dismissal was filed on September 23, 2005, which did not dismiss all claims against all parties. Such a stipulation is ineffective as a matter of law.

Through such pleading, plaintiffs are attempting to use Rule 41(a)(1), Federal Rules of Civil Procedure, to dismiss claims against Countrywide as opposed to the entire action. In <u>Gahagan v. North Carolina Hwy. Patrol</u>, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[1] the district court held, as follows:

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d, § 41,21[2]* (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

---

[1] Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through PACER and incorporated herein by reference.

-1-

Id., at 3-4 (citations omitted). Rule 41(a)(1) does not appear to be the appropriate vehicle for dismissal of anything less than an entire action. While the court greatly appreciates the efforts of respective counsel in narrowing the issues, the voluntary dismissal must, respectfully, be stricken.

In addition, counsel for the remaining defendant H&S Homes, LLC, has failed to take any action within a timely manner or, for that matter, return a call of inquiry placed by this court. Counsel for H&S Homes, LLC, shall appear at the time and place indicated below and show cause why costs or another sanction should not be imposed against them.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Joint Stipulation of Dismissal (#17) is **STRICKEN**, this matter is returned to the active trial docket, and counsel for defendant H&S Homes, LLC, shall appear on Monday, November 21st, 2005, at 9 a.m., and **SHOW CAUSE** why costs or other sanctions should not be imposed.

**Signed: November 9, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge